UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASSIE ANN BROWN<br><br>Defendant. | Case No. 4:22-cr-00179-DCN-1<br><br>**REPORT AND RECOMMENDATION** |

On May 11, 2023, Defendant Cassie Ann Brown appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 38). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for detention and a detention hearing was held on September 1, 2022. (Dkt. 16). The Court entered an Order Setting Conditions of Release. (Dkt. 17). Defendant has been complaint with the conditions of her release, and pretrial services has recommended that her conditions of release remain unchanged. (Dkt. 28).

At the change of plea hearing, the Government did not request detention pending sentencing pursuant to 18 U.S.C. § 3143. In addition, the Government did not offer any information or state any reason to believe Defendant is an enhanced risk of flight or danger to the community at this time. Defendant requested to remain on release pending sentencing for the following reasons: she has complied with all terms of pretrial release since she was released from custody on September 1, 2022 and has been an outstanding supervisee; she cares for her granddaughter part-time and is heavily involved in her other grandchildren's lives; she is a highly valued employee at her current place of employment and her family relies on her income to support their household; and she

cares for her husband's aged parents, who require treatment, medication, and transportation to and from frequent medical appointments.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release, the disruption of care that Defendant's grandchildren and husband's parents are receiving that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Cassie Ann Brown's plea of guilty to Count One of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant Cassie Ann Brown's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 38).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count Two of the Indictment (Dkt. 1) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 17).

REPORT AND RECOMMENDATION - 3

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 25, 2023

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE